Judge Mills
delivered the opinion.
This is an ejectment, hi which the lessor of the plaintiff omitted the names of the tenants ⅛ possession, and did not address the notice to them in any manner. After service, at the filing of the declaration, be proved, by the person who served the declarations, that he left copies of the declaration and notice with each, and informed them at the same time, “that the notice underwritten was intended them” anc| that the object was to turn them out of possession Several terms afterwards the tenants appeared by counsel, but did not make themselves defendant's, The cause was once dismissed on the default of the plaintiff, aD^ 0,1 ^'s motion reinstated, and the tenants eicepted.— A change of venue to another court was awarded, and the tenants moved to dismiss the suit on account of the afote-said defect in the notice. The court sustained the motion, and the plaintiff appealed.
Had the service been defective, it might have been cured by a common order. But as the defect was in the no» *253 litre itself, which, as this court has said in the case of Beall vs. Siverts, 1 Marsh. 104, partakes of the nature of process, and must answer tbe end pf it, We cannot conceive that the defect was cured by the verbal statements of the person who delivered the copies. The proper parties to process of any kind ate essential to its validity; and if this court should once indulge the principle, that the person or officer, who executed process, could supply its substantial defects by verbal statements, the rule would not be susceptible of limitation, until tbe whole notice annexed to a declaration in ejectment might be supplied by verbal statements. Nor do rye conceive that any previous acts of the tenants, such as appearing and excepting, Waived the error. They had never acknowledged the validity of the proceedings by entering into the common rale, and joining issue «pon title. The court below, therefore, did right in quashing the declaration and notice.
Haggin for appellant.
The decision must be affirmed with costs.